STATE OF MINNESOTA    )
                      )  ss.  AFFIDAVIT OF NATHAN R. BOYER
COUNTY OF HENNEPIN    )

1. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since November 2016. I am currently assigned to the St. Paul Field Division, where I am involved in various aspects of ATF enforcement programs, including investigations of violent criminals, criminal organizations, illegal use and trafficking of firearms, illegal use and storage of explosives, and acts of arson and bombings. I obtained a Master of Science degree in Criminal Justice from St. Cloud State University. Prior to working at ATF, I previously worked for ten years in the chemical dependency field. In my capacity as a Special Agent with the ATF, my responsibilities include, but are not limited to, investigating firearms violations under Title 18 of the United States Code. During my time with the ATF, I have investigated multiple cases falling within the ATF's firearms jurisdiction. I graduated from the 26-week combined Criminal Investigator Training Program at the Federal Law Enforcement Training Center and the Special Agent Basic Training at the ATF National Academy. I have received significant amounts of training on the subject-matter within the ATF's jurisdiction, including courses in criminal investigations, federal firearms violations, federal arson laws, and federal

explosives laws. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

2. This affidavit is submitted for the limited purpose of establishing probable cause in support of issuing a complaint and arrest warrant for Damonta Ivy JONES for possession of a firearm by a felon in violation of Title 18, United States Code, Section 922(g)(1).

3. This affidavit is based on my personal knowledge, as well as information I have learned from other law enforcement officers and the review of reports, written materials, and recordings. This affidavit does not include all of the details I have learned regarding this investigation. Rather, it only includes information believed to be sufficient to establish probable cause.

## PROBABLE CAUSE

4. In January of 2023, Sergeant Adam Lepinski of the Minneapolis Police Department received information from a confidential reliable informant (CRI) about a man selling fentanyl pills, cocaine base, and marijuana. The CRI reported having seen the suspect in possession of fentanyl pills and a black handgun. The CRI also provided Sgt. Lepinski with the suspect's cell phone number. Sgt. Lepinski ran that number through law enforcement databases, and found that the subscriber was Damonta Ivy JONES. Sgt. Lepinski showed

2

the CRI a driver's license photograph of JONES, and the CRI confirmed that JONES was the man the CRI had seen with a firearm and fentanyl pills.

5. A check of JONES's criminal history also showed that JONES had an active felony arrest warrant for unlawful possession of a firearm.

6. Sgt. Lepinski obtained a state warrant to obtain GPS location data from JONES's cell phone.

7. On January 13, 2023, Sgt. Lepinski again spoke to the CRI. The CRI stated that the CRI had recently seen JONES driving a gray Honda Accord. The GPS information indicated that the phone was at an address on Wilson Avenue in St. Paul, Minnesota. Sgt. Lepinski went to that location, and found a gray Honda Accord in a parking lot. Sgt. Lepinski took a stationary position and maintained surveillance on the vehicle.

8. At about 1 p.m. on January 13, 2023, Sgt. Lepinski saw JONES get into the Honda Accord. Sgt. Lepinski then watched two people enter JONES's car briefly, then leave. In Sgt. Lepinski's training and experience, these short meetings were consistent with drug sales.

9. Sgt. Lepinksi directed nearby law enforcement officers to move in to arrest JONES. Marked law enforcement vehicles approached the Honda Accord while Sgt. Lepinski approached on foot. As they approached, JONES jumped out of the driver's seat and began to run through the snow, ignoring Sgt. Lepinski's commands to stop.

10. Because Sgt. Lepinski had reason to believe JONES was armed, and saw that JONES was heading toward an occupied building, Sgt. Lepinski was concerned that JONES would try to barricade himself inside the building, and perhaps even take hostages. Sgt. Lepinski warned JONES that JONES would be tasered if he did not stop. JONES continued to run, and Sgt. Lepinski fired his taser at JONES. JONES fell to the ground and was apprehended.

11. Medical personnel checked JONES to make sure he was okay. He had no significant injuries or complaints of injuries.

12. Meanwhile, other officers remained at JONES's vehicle. One officer saw a black handgun on the driver's seat of the vehicle. Officers recovered the firearm and determined that it was a Glock model 26 9mm semiautomatic pistol bearing serial number SBU095.

13. Also inside the vehicle was a Ziplock bag containing what appeared to be fentanyl pills, as well as two Ziplock bags of marijuana and two digital scales. The scales had white powder residue on them that appeared to be cocaine residue. The bag of fentanyl pills weighed approximately 75 grams without packaging. The bags marijuana had a combined weight of approximately 93 grams without packaging.

14. JONES was placed inside a police vehicle upon arrest. After Sgt. Lepinski advised JONES of his rights, JONES stated that JONES had the handgun for his protection. JONES claimed he found the gun, and that he had

4

had the gun for about a week. JONES declined to discuss the fentanyl pills.

15. A review of JONES's criminal history indicates that, prior to January 13, 2023, he had been convicted of the following crimes, both of which were punishable by a term of imprisonment exceeding one year:

| Offense | Place of Conviction | Date of Conviction (On or About) |
| --- | --- | --- |
| 2nd Degree Drug Possession | Ramsey County, MN | May 7, 2012 |
| Possession of a Firearm by an Ineligible Person | Ramsey County, MN | June 6, 2017 |

16. In his firearm conviction, JONES received a sentence of 60 months, and therefore would have known that he had been convicted of at least one crime punishable by a term of imprisonment exceeding one year.

17. I have consulted with an ATF Interstate Nexus Expert, who has made a preliminary determination that the Glock model 26 9mm semiautomatic pistol bearing serial number SBU095 was not manufactured in the State of Minnesota. As a result, the firearm had to travel in interstate and/or foreign commerce prior to arriving in the State and District of Minnesota on January 13, 2023.

18. Based on the information set forth above, there is probable cause to believe that the Defendant, Damonta Ivy JONES, violated Title 18, United States Code, Section 922(g)(1), by possessing in and affecting interstate commerce a firearm, after having been convicted of at least one crime

punishable by imprisonment for a term exceeding one year.

Further your Affiant sayeth not.

*[signature]*
Nathan R. Boyer
Special Agent, ATF

SUBSCRIBED and SWORN before me
by reliable electronic means via FaceTime
and email pursuant to Fed. R. Crim. P. 41(d)(3) on
March 8, 2023:

*[signature]*
DULCE J. FOSTER
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MINNESOTA